UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE L. WINDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1381 ERW |
| | ) | |
| ST. LOUIS COUNTY CIRCUIT COURT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's response to the Court's Order to Show Cause why this matter should not be dismissed as barred by the five-year statute of limitations. The Court has reviewed the response and finds that the matter is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[e] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Discussion

In 2005, plaintiff was arrested and charged with assault. On September 26, 2005, he pled guilty to one count of second-degree assault. *Missouri v. Windham*, No. 2105R-03544-01 (St. Louis County). Plaintiff says the police who arrested him and the prosecutor who tried him violated his rights.

In the Memorandum and Order issued on August 22, 2017, the Court noted that plaintiff's claims against defendants appeared to be barred by the five-year statute of limitations applied to 42 U.S.C. § 1983 claims brought in the State of Missouri. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff was asked to show cause why his case should not be dismissed as a result of the statute of limitations.

In his response brief, plaintiff asserts that there were "inconsistencies in the police report and victim statements, as well as a lack of probable cause for a felony charge" against him. He also claims that defendants were known for employing "well known, aggressive tactics" against arrestees. Plaintiff additionally alleges that he believes there were forged signatures on several state court documents, which he claims violated his due process rights. Plaintiff has attached purported evidence of his allegations to his response brief. He last asserts that the charges against him have caused numerous financial hardships.

Unfortunately, plaintiff's "arguments" in his response brief go to the substance of his allegations against defendants rather than to arguments against application of the statute of limitations in this action. No good cause being shown against the application of the statute of limitations in this matter, the Court finds that plaintiff's action against defendants expired sometime in 2010. As a result, this action must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is subject to **DISMISSAL** because it is barred by the statute of limitations. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 29th day of September, 2017.

  
E. RICHARD WEBBER  
SENIOR UNITED STATES DISTRICT JUDGE